IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re: )
)
CARL DAVID RAY and ) Case No. 16-10807
DONNA B. RAY, ) Chapter 7
)
)
Debtors. )
)

**NOTICE OF INTENDED COMPROMISE AND SETTLEMENT**
**OBJECTION DEADLINE: NOVEMBER 28, 2018 AND**
**HEARING ON ANY OBJECTIONS: DECEMBER 13, 2018 AT 9:00 A.M.**

1. Notice is hereby given by the Trustee of her intended compromise and settlement of all claims described in Adversary Proceeding No. 18-05046, *Darcy D. Williamson, Chapter 7 Trustee v. Bank of America, N.A., et al.* (the "Adversary").

2. Attached hereto is a proposed Settlement Agreement and Release (the "Settlement") between the Trustee and Bank of America, N.A. ("Bank of America"). The Trustee desires to resolve the claims on the terms described in the Settlement.

3. The Adversary was initiated by the Trustee against defendants The Board of County Commissioners of the County of Butler, Kansas ("Butler County"); Carl David Ray and Donna B. Ray (collectively, the "Debtors") and Bank of America. Each of the defendants filed an answer to the Trustee's complaint. However, upon approval of the Settlement, the Trustee will not seek recovery in the Adversary against Butler County or the Debtors and the Adversary shall thereupon be dismissed.

4. Compromises are favored in bankruptcy. *In re Southern Medical Arts Companies, Inc.*, 343 B.R. 250, 255 (10th Cir. BAP 2006).

5. The Bankruptcy Court's decision to approve a settlement must be an informed one based on an objective evaluation of developed facts. *Reiss v. Hagmann*, 881 F.2d 890 (10th Cir. 1989).

In the United States Bankruptcy Court for the District of Kansas
*In re: Ray*, Case No. 16-10807-7
Notice of Intended Compromise and Settlement
Page 2 of 4

6. In evaluating this compromise, the Trustee has considered, as the Court will consider: (1) the chance of success on the litigation on the merits; (2) possible problems in collecting the judgment; (3) the expense and complexity of the litigation; and (4) the interest of the creditors. *Southern Medical Arts*, 343 B.R. at 256. *See also In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (10th Cir. BAP 1997).

7. Settlement allows the Trustee and creditors to avoid the burden, expense and uncertainty involved with litigation. *See Southern Medical Arts*, 343 B.R. at 255.

8. The decision of whether to approve a settlement is within the sound discretion of the Bankruptcy Court. *In re Flight Transportation Corp. Securities Litigation*, 730 F.2d 1128, 1136 (8th Cir. 1984); *In re Revelle*, 259 B.R. 905 (Bankr. W.D. Mo. 2001). However, the Trustee's judgment in recommending a settlement should not be substituted as long as the settlement is reasonable. *In re Apex Oil Co.*, 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988). *See also In re Texas Extrusion Corp.*, 836 F.2d 217 (5th Cir. 1988).

9. The standard for approving a proposed compromise is whether it is "fair and equitable" and in the best interest of the estate. *In re Apex Oil Co.*, 92 B.R. at 866.

10. The Trustee asserts that the Settlement should be approved because it is fair and equitable and in the best interest of the bankruptcy estate. The Settlement results in significant funds to the estate available for timely distribution to creditors. Approval of the settlement allows the estate to avoid the burdens—including expense, uncertainty and delay—associated with continued litigation of the Adversary.

11. If approved, the Settlement will result in a payment of $78,834.25 to the bankruptcy estate. From these funds, the Trustee hereby requests final approval of and authorization to pay the following:

In the United States Bankruptcy Court for the District of Kansas
*In re: Ray*, Case No. 16-10807-7
Notice of Intended Compromise and Settlement
Page 3 of 4

      a. Costs and Expenses Incurred by Special Counsel        $858.42 [1]
      b. Compensation to Special Counsel        $25,991.94 [2]

The balance will be held by the estate for further distribution. The Trustee shall be allowed compensation subject to further application.

12. Objections to the intended settlement should be made in writing to the Clerk of the United States Bankruptcy Court, 401 N. Market, Room 167, Wichita, Kansas 67202 on or before November 28, 2018. Copies of any objections must be served upon Darcy D. Williamson, Trustee at 510 SW 10th Ave., Topeka, Kansas 66612 and Eric W. Lomas of Klenda Austerman LLC at 301 N. Main St., Ste. 1600, Wichita, Kansas 67202. If no objections are made to the Settlement and other relief requested herein, the Court may enter an order authorizing the same without further notice. A hearing will not be held unless an objection is timely filed. If an objection is timely filed, a hearing will be held before the United States Bankruptcy Court, 401 N. Market, Room 150, Wichita, Kansas beginning at 9:00 a.m. on December 13, 2018.

Dated: November 7, 2018.

                       RESPECTFULLY SUBMITTED:

                       KLENDA AUSTERMAN LLC

                       s/ Eric W. Lomas
                       Eric W. Lomas, #23769
                       301 North Main, Suite 1600
                       Wichita, Kansas 67202
                       (316) 267-0331
                       (316) 267-0333 (fax)
                       elomas@klendalaw.com
                       *Attorneys for Trustee*

---

[1] Costs and Expenses: $189.22 for postage; $247 for copies; $17.20 for PACER charges; $39 for documents from Butler County District Court; $16 for documents from Butler County Register of Deeds; and $350 for the Adversary filing fee.
[2] Per Doc. #39 & Doc. #42: [$78,834.25 (gross recovery) - $858.42 (costs and expenses)] / 3 = $25,991.94

In the United States Bankruptcy Court for the District of Kansas
*In re: Ray*, Case No. 16-10807-7
Notice of Intended Compromise and Settlement
Page 4 of 4

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on November 7, 2018, a true and correct copy of the above Notice of Intended Compromise and Settlement was filed electronically with the Clerk of the U.S. Bankruptcy Court using CM/ECF and was mailed, postage prepaid and properly addressed to those listed on the matrix attached hereto and to the following:

Jennifer M. Walker
Bryan Cave Leighton Paisner, LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102

Keyta D. Kelly
Kelly Law Office, L.L.P.
512 E. 4th St.
Tonganoxie, KS 66086

Mark J. Lazzo
Landmark Office Park
3500 N. Rock Rd.
Building 300
Suite B
Wichita, KS 67226-1341

Office of the U.S. Attorney
1200 Epic Center
301 N. Main
Wichita, KS 67202

Internal Revenue Service
Mail Stop 5334
Advisory/Insolvency
2850 NE Independence Ave.
Lee's Summit, MO 64664

Mr. John Sparks
Chief Special Procedures Branch
Internal Revenue Service
Robert A. Young Building
1222 Spruce Street
St. Louis, MO 63103
Mail Stop 5020 STL

U.S. Trustee
Office of the United States Trustee
301 North Main Suite 1150
Wichita, KS 67202-4811

Property Valuation Director
State Office Building
Topeka, KS 66612

Kansas Department of Labor
Attn: Legal Services
401 SW Topeka Blvd.
Topeka, KS 66603-3182

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Kansas Dept. of Revenue
Civil Tax Enforcement
PO Box 12005
Topeka, KS 66612

Butler County Treasurer
205 W. Central Ave.
El Dorado, KS 67042-2106

Sedgwick County Treasurer
525 N. Main St.
Wichita, KS 67203-3734

Carl David Ray
329 N. Lancaster Dr.
Wichita, KS 67230-7806

Donna B. Ray
329 N. Lancaster Dr.
Wichita, KS 67230-7806

    s/ Teresa M. Yoder
    Teresa M. Yoder

2650587

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of the date all signatories below have executed the agreement (the "Effective Date") by and between Darcy D. Williamson, Chapter 7 Trustee of the Bankruptcy Estate of Carl David Ray and Donna B. Ray of Case No. 16-10807-7 and Plaintiff in Adversary Proceeding No. 18-5046("Trustee" or "Plaintiff") and Defendant Bank of America, N.A. ("BANA" or "Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties," and each may be referred to individually as a "Party."

## RECITALS

This Agreement is entered into with reference to the following facts and recitals, which are true to the best of the Parties' knowledge and belief, and are made part of this Agreement:

WHEREAS, Carl David Ray and Donna B. Ray ("Borrowers" or "Debtors") are the former owners of real property located at 1401 Basswood Dr., Andover, KS (the "Property");

WHEREAS, on or about January 11, 2008, Borrowers executed a promissory note in the amount of $121,600.00 in favor of Bank of America, N.A., (the "Note");

WHEREAS, in connection with the Note, on or about January 11, 2008, Borrowers executed and delivered a Mortgage (the "Security Instrument") related to the Property;

WHEREAS, the Note and Security Instrument are in relation to a mortgage loan secured by the Property (the "Loan");

WHEREAS, BANA is the former servicer of the Loan;

WHEREAS, on or about May 6, 2016, Borrowers filed for Chapter 7 Bankruptcy, Case No. 16-10807 (the "Bankruptcy"), where they received a discharge on or about August 9, 2016.

WHEREAS, the Property was an asset of the Debtors' bankruptcy estate and was not abandoned by the Trustee in the Bankruptcy;

WHEREAS, on or about January 6, 2017, BANA received a payment from the Borrowers on the Loan in the amount of $88,834.25;

WHEREAS, said payment was the proceeds from sale of the Property in a tax sale held by the Board of County Commissioners of the County of Butler, Kansas on or about August 26, 2016;

WHEREAS, on or about April 20, 2018, BANA recorded a Release of Mortgage in the Butler County Recorder of Deeds Office;

WHEREAS, on or about May 4, 2018, Plaintiff filed an adversary proceeding in the Bankruptcy, captioned *Darcy D. Williamson, Chapter 7 Trustee, Plaintiff, vs. Bank of America, N.A., et al.,* In The United States Bankruptcy Court For The District Of Kansas, Adversary No. 18-05046, which, along with any amendments, counterclaims, cross-claims, third-party claims, interventions, removals and appeals, shall be referred to as the "Litigation"; and

WHEREAS, the Parties agree that it is in their mutual interests to avoid the uncertainty and expense of the Litigation by reaching a settlement and accommodation of the certain matters encompassed herein, without any admission of law or fact;

NOW, THEREFORE, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

## TERMS AND RELEASES

1. **SETTLEMENT PROVISIONS**

    A. **Agreement Execution and Approval.** This Agreement is subject to approval of the United States Bankruptcy Court for the District of Kansas (the "Bankruptcy Court"). To obtain such approval, the Trustee may file a copy of this Agreement with the Bankruptcy Court and serve it on all necessary parties. Upon execution of this Agreement, the Trustee will prepare and file all appropriate documents needed to obtain approval of the Bankruptcy Court. The Trustee shall execute two original counterparts of this Agreement, and the Trustee shall deliver one original counterpart and completed W-9 tax forms for the Debtor's Bankruptcy Estate to BANA's Counsel as identified below. BANA shall execute and deliver to the Trustee's Counsel one original counterpart of this Agreement.

    B. **Payment by BANA.** BANA shall deliver to the Trustee's Counsel the sum of Seventy-Eight Thousand Eight Hundred Thirty-Four Dollars and Twenty-Five Cents ($78,834.25) (the "Payment") by check made payable to "Darcy D. Williamson, Chapter 7 Trustee" within 21 business days of the latter of the following events: (a) receipt by BANA's Counsel of one original counterpart of this Agreement executed by the Trustee as set forth in Paragraph 1.A of this Agreement; (b) receipt by BANA's Counsel of completed W-9 tax forms for the Debtor's Bankruptcy Estate as set forth in Paragraph 1.A of this Agreement; (c) entry of the Bankruptcy Court's order approving this Agreement.

    C. **BANA's Unsecured Bankruptcy Claim.** BANA shall be allowed an unsecured claim in the Bankruptcy in the amount of Seventy-Eight Thousand Eight Hundred Thirty-Four Dollars and Twenty-Five Cents ($78,834.25), related to the Loan associated with the Property.

    D. **Full Satisfaction.** The Payment is in full satisfaction of the Released Matters (as defined herein), and it includes all attorneys' fees and costs that the Trustee may have incurred in connection with the Litigation.

    E. **Release.** For consideration of the Payment, the receipt and sufficiency of which are hereby expressly acknowledged, the Trustee, for itself and each of its present, former, and future heirs, executors, administrators, partners, co-obligors, co-guarantors, guarantors, sureties, family members, spouses, attorneys, insurers, agents, representatives, predecessors, successors, assigns, and all those who claim through it or could claim through it (collectively, "Releasors") unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge BANA and each of its present, former, and future parents, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint ventures, co-venturers, officers, and directors (whether acting in such capacity or individually),

Settlement Agreement and Release
*Darcy D. Williamson, Chapter 7 Trustee, Plaintiff, vs. Bank of America, N.A., et al.,* In The United States Bankruptcy Court For The District Of Kansas, Adversary No. 18-5046
**Loan No. *****9199**
Page 2 of 7

Case 16-10807   Doc# 44   Filed 11/07/18   Page 6 of 11

attorneys, vendors, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each person or entity acting or purporting to act for BANA or on BANA's behalf, as well as any past, present, or future person or any entity that held or holds any interest in the Loan and the underlying Note or Security Instrument, including, but not limited to, Bank of America Corporation and all of its subsidiaries and affiliates (collectively, "Releasees"), and each of them, respectively, from and against any and all past and present up to the Effective Date of this Agreement claims, counterclaims, actions, suits, rights, causes of action, lawsuits, set-offs, costs, losses, controversies, agreements, promises and demands, or liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known, arising at law or in equity, by right of action or otherwise, including, but not limited to, suits, debts, accounts, bills, damages, judgments, executions, warranties, attorney's fees, costs of litigation, expenses, claims, and demands whatsoever that the Releasors or their attorneys, agents, representatives, predecessors, successors, and assigns have or may have against the Releasees, for, upon, or by reason of any matter, cause, or thing, whatsoever, in law or equity, including, without limitation, the claims made or which could have been made by the Trustee arising from the origination or servicing of the Loan as well as in any way related to the Property, Note, or Security Instrument, any servicing act or omission thereon as well as any claim or issue which was or could have been brought in the Litigation (collectively, the "Released Matters").

R. **Non-Disparagement.** Releasors will not, directly or indirectly, make any negative or disparaging statements against the Releasees maligning, ridiculing, defaming, or otherwise speaking ill of the Releasees, and their business affairs, practices or policies, standards, or reputation (including but not limited to statements or postings harmful to the Releasees' business interests, reputation or good will) in any form (including but not limited to orally, in writing, on any social media, blogs, internet, to the media, persons and entities engaged in radio, television or Internet broadcasting, or to persons and entities that gather or report information on trade and business practices or reliability) that relate to this Agreement, Information (as defined above) and the factual allegations made in the Litigation or any matter covered by the release within this Agreement.

2. **ADDITIONAL TERMS**

    A. **Adequate Consideration.** The consideration received in connection with this Agreement is fair, adequate, and substantial, and it consists only of the terms set forth in this Agreement.

    B. **Covenant Not to Sue.** The Trustee agrees not to cause claims to be made in any court or other forum against the Releasees for any matter within the scope of the releases contained herein.

    C. **Further Assurances.** Each Party agrees to take all reasonable steps necessary to effectuate the terms of this Agreement.

    D. **No Admission of Liability.** Each of the Parties understands and agrees that this Agreement and the settlement provided for herein, are intended to compromise disputed claims and defenses, to avoid litigation and to buy peace, and that this Agreement and the settlement provided for herein shall not be construed or viewed as an admission by any Party of liability or wrongdoing, such liability being expressly denied. This Agreement, and the settlement provided for herein, shall not be admissible in

Settlement Agreement and Release
*Darcy D. Williamson, Chapter 7 Trustee, Plaintiff, vs. Bank of America, N.A., et al.,* In The United States Bankruptcy Court For The District Of Kansas, Adversary No. 18-5046
**Loan No. *****9199**
Page 3 of 7

Case 16-10807   Doc# 44   Filed 11/07/18   Page 7 of 11

any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence or support a contention that any of the Parties acted illegally, improperly, or in breach of law, contract, or proper conduct.

E. **Waiver.** The failure of the Trustee to demand from BANA performance of any act under the Agreement shall not be construed as a waiver of the Trustee's right to demand, at any subsequent time, such performance. The failure of BANA to demand from the Trustee performance of any act under the Agreement shall not be construed as a waiver of BANA's right to demand, at any subsequent time, such performance.

F. **Tax Consequences.** The Trustee agrees that if it is later determined by the Internal Revenue Service or any other taxing body that taxes of any type should have been paid in connection with any benefit they receive pursuant to this Agreement, they will be solely responsible for paying such taxes. BANA make no representations or warranties regarding the legal effect or tax consequences of this Agreement, or of any such filing or reporting by BANA. The Trustee further expressly acknowledges that they neither received nor relied upon any tax advice from BANA or its representatives and attorneys.

G. **Choice of Law.** This Agreement shall be construed in accordance with and all disputes hereunder shall be controlled by the laws of the State of Kansas without regard to its choice of law rules.

H. **Parties' Counsel.** As used in this Agreement, the phrase "Trustee's Counsel" means Eric W. Lomas, Esq., KLENDA AUSTERMAN, 1600 Epic Center, 301 N. Main Street, Wichita, KS 67202, and any and all of their current and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), representatives, employees and affiliates. The Trustee represents and warrants that: (i) the term "Trustee's Counsel," as defined above, includes all persons (natural or legal) and entities having any interest in any award of attorney's fees or litigation costs to Trustee's Counsel in connection with the Litigation; or (ii) that, to the extent there are other persons or entities having any interest in any award of attorney's fees or litigations costs in connection with the Litigation, they will be satisfied by the Trustee's Counsel. As used in this Agreement, the phrase "BANA's' Counsel" means Jennifer M. Walker, Esq., BRYAN CAVE LEIGHTON PAISNER, LLP, 211 North Broadway, Suite 3600, St. Louis, MO 63102.

I. **No Interpretation of Captions or Headings.** The captions and headings within this Agreement are for ease of reference only and are not intended to create any substantive meaning or to modify the terms and clauses either following them or contained in any other provision of this Agreement.

J. **Severability.** If any provision of the Agreement or the application thereof is held invalid by a court, arbitrator, or government agency of competent jurisdiction, the Parties agree that such a determination of invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions and thus shall remain in full force and effect or application.

K. **Neutral Interpretation and Counterparts.** The Parties shall be deemed to have cooperated in the drafting and preparation of this Agreement. Hence, any construction to be made of this Agreement shall not be construed against any Party. This Agreement may be executed in counterparts and each

Settlement Agreement and Release
*Darcy D. Williamson, Chapter 7 Trustee, Plaintiff, vs. Bank of America, N.A., et al.,* In The United States Bankruptcy Court For The District Of Kansas, Adversary No. 18-5046
**Loan No. *****9199**
Page **4** of 7

Case 16-10807    Doc# 44    Filed 11/07/18    Page 8 of 11

executed counterpart shall be effective as the original. All faxed, emailed, or electronic signatures affirming this Agreement constitute an original signature.

L. **Integration / Single Agreement.** This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals. There is no other agreement, written or oral, expressed or implied between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them or upon which they have relied in any way. The terms and conditions of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. This provision does not apply either to any other business relations between the Parties (*e.g.*, a credit card, investment, or bank account) not related to the subject matter of the Agreement or to the Loan, Note, or Security Instrument at issue herein unless they have been otherwise invalidated or modified by the terms of this Agreement.

M. **Amendments to the Agreement.** This Agreement shall not be altered, amended, or modified by oral representation made before or after the execution of this Agreement. All amendments or changes of any kind must be in writing, executed by all Parties.

N. **Negotiations.** All negotiations have been conducted in English. If necessary, the Trustee has had this document translated by a translator of the Trustee's choice to the Trustee's satisfaction. the Trustee represents and warrants that the Trustee has had all terms explained to it, and that by signing below, the Trustee fully understand and agree to those terms.

O. **Authority.** The Trustee represents and warrants that it has not sold, transferred, conveyed, assigned, or otherwise disposed of any right, title, or interest in any of the Released Matters herein to any person or entity, and that the Trustee is not aware of any other person or entity who may have or who has asserted or can assert a right, title, or interest in any of the Released Matters covered by this Agreement. The Trustee further affirms that it is fully capable of executing this Agreement and understand its contents, and further that they have legal counsel of its own choice or that it has had an opportunity to obtain such legal counsel to explain the legal effect of executing this Agreement.

P. **Advice of Counsel.** Each Party to this Agreement acknowledges that it has had the benefit of advice of competent legal counsel or the opportunity to retain such counsel with respect to its decision to enter into this Agreement. The individuals whose signatures are affixed to this Agreement in a personal or representative capacity represent that they are competent to enter into this Agreement and are doing so freely and without coercion by any other Party or non-party hereto.

Q. **Successors.** This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties, and each and every one of the Releasees shall be deemed to be intended third-party beneficiaries of this Agreement.

Settlement Agreement and Release
*Darcy D. Williamson, Chapter 7 Trustee, Plaintiff, vs. Bank of America, N.A., et al.,* In The United States Bankruptcy Court For The District Of Kansas, Adversary No. 18-5046
**Loan No. *****9199**
Page 5 of 7

Case 16-10807   Doc# 44   Filed 11/07/18   Page 9 of 11

R. **Attorney's Fees.** Unless otherwise expressly set forth herein, each of the Parties shall bear its own attorney's fees, costs, and expenses in connection with the matters set forth in the Agreement, including, but not limited to, the Litigation and the negotiation and preparation of this Agreement.

S. **Waiver of Trial by Jury.** The Parties knowingly, voluntarily, and intentionally waive any right they may have to a trial by jury with respect to any litigation based upon, or arising out of, under, or in connection with this Agreement, including any document contemplated to be executed, or any underlying matter, course of dealing, statement (whether verbal or written), or action of the Parties related to this Agreement.

**SIGNATURE PAGES TO FOLLOW**

Settlement Agreement and Release
*Darcy D. Williamson, Chapter 7 Trustee, Plaintiff, vs. Bank of America, N.A., et al.,* In The United States Bankruptcy Court For The District Of Kansas, Adversary No. 18-5046
Loan No. *****9199
Page 6 of 7

Case 16-10807    Doc# 44    Filed 11/07/18    Page 10 of 11

IN WITNESS WHEREOF, the Parties hereto evidence their agreement as a sealed instrument and have executed this Agreement as of the day and year first below written.

Date Executed: _____

_____
**Darcy D. Williamson, Chapter 7 Trustee**

**BANK OF AMERICA, N.A.**

Signature:_____

Name:_____

Title:_____

Date:_____

*Darcy D. Williamson, Chapter 7 Trustee, Plaintiff, vs. Bank of America, N.A., et al.,* In The United States Bankruptcy Court For The District Of Kansas, Adversary No. 18-5046
**Loan No. *****9199**
Page **7** of **7**

Case 16-10807   Doc# 44   Filed 11/07/18   Page 11 of 11